IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRANDON O. BROWN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   Case No. 25-cv-00288-JPG |
| | ) |
| **JACKSON COUNTY JAIL,** | ) |
| **SGT. JESSICA BIEN,** | ) |
| **DEPUTY BOHN,** | ) |
| **SGT. WILL,** | ) |
| **SGT. HILL,** | ) |
| **SGT. SPALDING,**[1] | ) |
| **CPL. KIRSTEN,**[2] | ) |
| **DEPUTY ACOSTOR,** | ) |
| and **NURSE CARLA KANE,** | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

This matter is before the Court for screening of the First Amended Complaint filed by Plaintiff Brandon Brown pursuant to 42 U.S.C. § 1983. (Docs. 17 to 17-3). He claims the defendants subjected him to unconstitutional conditions of confinement and retaliated against him for filing grievances at Jackson County Jail. He seeks money damages. The First Amended Complaint is subject to preliminary review and dismissal of any portion that is legally frivolous or malicious, fails to state a claim, or seeks money damages from an immune defendant.[3]

---

[1] Plaintiff refers to this defendant as "Sgt. Spaulding" and "Sgt. Spalding," while the grievance documents identify this individual as "Lt. K. Spradling." The Court will refer to this defendant as "Sgt. Spalding."
[2] Plaintiff refers to this defendant as "Cpl Kerstern" and "Corporal Kirsten," while the grievance documents identify this individual as "Capt. L. Kersten." The Court will refer to this defendant as "Cpl. Kirsten."
[3] Plaintiff was on home confinement when he commenced this action. Section 1915A governs the screening of a complaint in a civil action filed by a "prisoner" as that term is defined under 28 U.S.C. § 1915(h), while § 1915(e)(2)(B) governs the screening of a non-prisoner complaint. Both standards require dismissal of any portion of the complaint that is frivolous or malicious, fails to state a claim, or seeks monetary relief from an immune defendant. *See* 28 U.S.C. §§ 1915A, 1915(e)(2)(B).

1

## **First Amended Complaint**

Plaintiff sets forth the following allegations in the First Amended Complaint (Docs. 17 to 17-3): Plaintiff is a paraplegic with a severe spinal injury resulting from old gunshot wounds. (Doc. 17-3, p. 3). He was subjected to unconstitutional conditions of confinement at Jackson County Jail from January 22, 2025 to February 11, 2025. (Doc. 17, p. 5; Doc. 17-1, p. 1). Defendants Bien, Hill, Acostor, Bohn, Spalding, Kane, and Kirsten acted individually and together to expose him to inhumane living conditions, treat him with deliberate indifference, and act with malicious intent. (Doc. 17, p. 5).

Defendants Bien, Hill, Acostor, Bohn, Spalding, Kane, and Kirsten subjected him to inhumane living conditions. They placed him in a cell containing pests, mold, and blood on the floors and toilet. (*Id*. at 6; Doc. 17-1, p. 2; Doc. 17-3, pp. 79-80). Plaintiff was denied a proper mattress, toilet seat, clean clothing, clean water, cleaning supplies, hygiene items, showers, and recreation time. *Id*. He was given contaminated food and denied meal trays. *Id*. He was also denied medical care for a large, external bleeding hemorrhoid. *Id*. Plaintiff's physical condition deteriorated, resulting in malnourishment, dehydration, and bleeding that necessitated hospital treatment. (*Id*.; Doc. 17-3, p. 1). His mental health also declined, resulting in anxiety and depression. (Doc. 17-1, p. 2). Plaintiff submitted verbal and written requests for medical and mental health treatment. *Id*. at 2. Defendants Bohn, Acostor, and Kane knew of his serious medical and mental health needs and refused to provide help or refer him to someone who could. *Id*. He submitted grievances to complain about his living conditions and lack of medical care, and Defendants ignored him.

In retaliation for filing the grievances, Sergeants Spalding and Will authorized punishment that included the denial of meals and delayed medical slips. This chilled his ability to report abuse, caused physical harm, and resulted in mental anguish. *Id*.

### **Preliminary Dismissals**

Plaintiff identifies Jackson County Jail as a defendant but fails to mention this defendant in the statement of his claim. Merely invoking the name of a potential defendant is not enough to state a claim. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). The Jail is not a person subject to suit under 42 U.S.C. § 1983. Therefore, Jackson County Jail shall be dismissed with prejudice from this action.

### **Discussion**

The Court designates the following claims in this *pro se* First Amended Complaint:

**Count 1:** Defendants Bien, Hill, Acostor, Bohn, Spalding, Kane, and Kirsten subjected Plaintiff to unconstitutional living conditions at Jackson County Jail from January 22, 2025 to February 11, 2025, in violation of his rights under the Eighth or Fourteenth Amendment.

**Count 2:** Defendants Bohn, Acostor, and Kane denied Plaintiff adequate medical care for his hemorrhoid and related bleeding condition at Jackson County Jail from January 22, 2025 to February 11, 2025, in violation of his rights under the Eighth or Fourteenth Amendment.

**Count 3:** Defendants Bohn, Acostor, and Kane denied Plaintiff mental health treatment for anxiety and depression at Jackson County Jail from January 22, 2025 to February 11, 2025, in violation of his rights under the Eighth or Fourteenth Amendment.

**Count 4:** Defendants Spalding and Wills retaliated against Plaintiff for filing grievances about his unconstitutional conditions of confinement by denying him adequate food and medical slips at Jackson County Jail from January 22, 2025 to February 11, 2025, in violation of his rights under the First Amendment.

Any other claim that is mentioned in the First Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled. *See Bell Atlantic Corp. v. Twombly*,

3

550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

### Counts 1, 2, and 3

Counts 1, 2, and 3 stem from Plaintiff's allegedly unconstitutional conditions of confinement at the Jail. The applicable legal standard for these claims depends on his status as a pretrial detainee or convicted person when his claims arose. If Plaintiff was a pretrial detainee, the Fourteenth Amendment's objective unreasonableness standard governs all three claims. *Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018) (applying objective unreasonableness standard to a variety of conditions-of-confinement claims, including claims of inadequate medical care). If he was convicted prisoner, Plaintiff's claims are governed by the Eighth Amendment's deliberate indifference standard. *See Estelle v. Gamble*, 429 U.S. 97 (1976) (medical claims); *Gillis v. Litscher*, 468 F.3d 488, 492-93 (7th Cir. 2006) (general conditions of confinement). Under both standards, Plaintiff must describe each defendant's personal involvement in or responsibility for a constitutional deprivation. *West v. Atkins*, 487 U.S. 42 (1988); *McCree v. Sherrod*, 408 F. App'x 990 (7th Cir. 2011).

As for Count 1, the allegations suggest that Defendants Bien, Hill, Acostor, Bohn, Spalding, Kane, and Kirsten acted objectively unreasonable and with deliberate indifference when exposing the plaintiff to unconstitutional living conditions at the Jail for three weeks. This claim will proceed against each individual defendant.

As for Counts 2 and 3, Plaintiff alleges that Defendants Bohn, Acostor, and Kane were responsible for knowingly denying Plaintiff necessary medical care and mental health treatment. Both claims will receive further review against these individual defendants. However, the allegations are insufficient to demonstrate personal involvement in a constitutional deprivation on

the part of any other defendants, so Counts 2 and 3 will be dismissed without prejudice for failure to state a claim against all other individuals.

### Count 4

To proceed with a First Amendment claim of retaliation, Plaintiff must allege that: (1) he engaged in constitutionally protected speech; (2) he suffered a deprivation that will likely deter the protected speech; and (3) the protected speech was a motivating factor in the defendant's actions. *Antoine v. Ramos*, 497 F. App'x 631, 634 (7th Cir. 2012). Plaintiff alleges that Defendants Spalding and Will retaliated against him for filing grievances to complain about the conditions of his confinement by denying him access to food and medical slips. These allegations are sufficient to articulate a retaliation claim against Defendants Spalding and Will. However, Count 4 is dismissed without prejudice for failure to state a claim against the other defendants.

### **Pending Motions**

**A.     Motion for Recruitment of Counsel (Doc. 18)**

Plaintiff's Motion for Recruitment of Counsel is **DENIED** without prejudice. An indigent plaintiff seeking representation by court-recruited counsel must demonstrate: (a) reasonable efforts to locate counsel on his own; and (b) an inability to litigate the matter without representation. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Plaintiff has not satisfied either requirement. First, Plaintiff mentions his unsuccessful efforts to find counsel before seeking the Court's assistance, but he provides no evidence of those efforts. Second, Plaintiff has not shown that he needs court-recruited counsel at this early stage of litigation. The First Amended Complaint survives screening and will be served on Defendants. Until all defendants answer, there is nothing for Plaintiff to do. Once answers are filed, the Court will enter a scheduling order with further instructions and deadlines for litigation.

Plaintiff may renew his request for counsel at any time it becomes too difficult to litigate this matter *pro se*. He should support his new motion with evidence of his efforts to contact at least three attorneys or law firms about representation in this case. He should include copies of all written correspondence sent to or received from these attorneys/firms with the new motion or provide a list of each attorney's name, dates of contact, and description of each response.

**B.      Second Motion for Reconsideration (Doc. 19)**

Plaintiff's Second Motion for Reconsideration of the Court's Order Granting Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 19) is **GRANTED**. Plaintiff's change in circumstances since filing this action includes his hospitalization and resulting expenses that are higher than anticipated. Given this, the Court will **SUSPEND** its efforts to collect any portion of the filing fee of $350.00 at this time. Plaintiff must notify the Court of any change in financial circumstances that allows him to pay the filing fee.

## Disposition

The First Amended Complaint (Docs. 17 to 17-3) survives screening pursuant to 28 U.S.C. § 1915A, as follows:

- **COUNT 1** will proceed against Defendants **JESSICA BIEN, SGT. HILL, DEPUTY ACOSTOR, DEPUTY BOHN, SGT. SPALDING, CARLA KANE,** and **CPL. KIRSTEN**;

- **COUNTS 2** and **3** will proceed against Defendants **DEPUTY BOHN, DEPUTY ACOSTOR,** and **CARLA KANE**;

- **COUNT 4** will proceed against Defendants **WILLS** and **SPALDING**.

**COUNTS 1, 2, 3,** and **4** are **DISMISSED** without prejudice against all other defendants for failure to state a claim. In addition, Defendant **JACKSON COUNTY JAIL** is **DISMISSED** with prejudice because the First Amended Complaint states no claim for relief against the entity.

The Clerk shall prepare for **ALL INDIVIDUAL DEFENDANTS** (except Jackson County

Jail): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Docs. 17 to 17-3), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244 and SDIL-LR 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**The Clerk of Court is DIRECTED to TERMINATE Defendant JACKSON COUNTY JAIL as a party in CM/ECF and ENTER the Court's standard HIPAA Qualified Protective Order.**

**IT IS SO ORDERED.**

**DATED: 10/9/2025**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

**Notice to Plaintiff**

Once identified, the Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your First Amended Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your First Amended Complaint. It will likely take at least **60 days** *from the date they are served with this lawsuit* to receive the Defendants' Answers, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.